```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
UNITED STATES OF AMERICA,                 :
                                          :   CASE NO. 5:14-CR-220
        Plaintiff,                        :
                                          :
v.                                        :   OPINION & ORDER
                                          :   [Resolving Doc. 29]
GLEN J. WILLIAMS,                         :
                                          :
        Defendant.                        :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 3, 2016 Glen J. Williams requested the appointment of counsel for assistance with filing a habeas motion under Title 28 United States Code Section 2255 in light of the June 2015, Supreme Court's decision in *Johnson v. United States*.[1] This Court has reviewed the merits of Williams' potential *Johnson* claim and **DENIES** the motion for appointment of counsel.

## I.  Discussion

The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.[2]

Williams would only have a potentially viable *Johnson* claim if his base offense level was increased because of a prior conviction that was a crime of violence only under the residual clause.

In calculating Glen Williams' base offense level, the pre-sentence report listed two "felony convictions of either a crime of violence or a controlled substance offense. . . the defendant committed the instant offense subsequent to convictions of Aggravated Assault in

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process.).
[2] *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

Case No. 5:14-CR-220
Gwin, J.

Summit County Common Pleas Court in Case # CR-2009-12-3720 and Trafficking in Cocaine in Summit County Common Pleas Court in Case # CR-2011-10-2834."[3]

The controlled substance offense, Trafficking in Cocaine, is not affected by the *Johnson* decision because it was not classified as a crime of violence. As to the aggravated assault felony, the Sixth Circuit has found that aggravated assault is a crime of violence outside of the residual clause. In *United States v. Anderson*, the Sixth Circuit held, "we find that aggravated assault in Ohio is a 'violent felony' under §924(e)(2)(B)(i) because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'"[4] Because the Sixth Circuit has found that aggravated assault is a crime of violence outside of the residual clause, aggravated assault would remain as a predicate violent felony in Williams' sentencing, and Williams' offense level would thus not change post- *Johnson*.

Williams has not shown that he has a meritorious *Johnson* claim. He cannot demonstrate that his civil §2255 proceeding is an exceptional circumstance warranting appointment of counsel.

## II.    Conclusion

For the reasons above, this Court **DENIES** Defendant's motion seeking the appointment of counsel.

IT IS SO ORDERED.

Dated:  March 23, 2016               *s/        James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[3] Presentence Investigation Report at ¶18.
[44] *United States v. Anderson*, 695 F.3d 390, 400 (6th Cir. 2012).